# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF MICHIGAN



DINGEMAN DANCER
& CHRISTOPHERSON,P.C.

| | | |
|---|---|---|
| PHYLLIS BRIGGS and WILLIAM BRIGGS, husband and wife,<br><br>    Plaintiffs,<br><br>v.<br><br>NEW ENGLAND COMPOUNDING PHARMACY, INC. d/b/a NEW ENGLAND COMPOUNDING CENTER, a Massachusetts Corporation; GREGORY A. CONIGLIARO, BARRY J. CADDEN and LISA CONIGLIARO CADDEN,<br><br>    Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | **NOTICE OF MDL CONDITIONAL TRANSFER ORDER**<br><br>Civil Action No. 1:12-CV-1363 PLM |

---

Mark R. Dancer (P47614)
Heidi M. Hodek (P73966)
Dingeman, Dancer & Christopherson, P.C.
100 Park Street
Traverse City, MI 49684
Phone: (231) 929-0500
Fax: (231) 929-0504
Email: mdancer@ddc-law.com
      hhodek@ddc-law.com

Daniel O. Myers (P49250)
The Law Offices of Daniel O. Myers
Dingeman, Dancer & Christopherson, P.C.
(of counsel)
100 Park Street
Traverse City, MI 49684
Phone: (231) 929-0500 ext. 122
Fax: (231) 929-0504
Email: dmyers@domlawoffice.com

100 Park Street
Traverse City, MI 49684
231 929 0500
800 626 0050
fax 231 929 0504

www.ddc-law.com

Plaintiffs, PHYLLIS BRIGGS and WILLIAM BRIGGS, by and through their attorneys, Dingeman, Dancer & Christopherson, P.C. and The Law Offices of Daniel O. Myers, LLC give notice that, by Order dated February 14, 2013, the Judicial Panel of Multidistrict Litigation has identified this case as a case to be transferred to the District of Massachusetts as part of MDL Docket 2419 IN RE: NEW ENGLAND COMPOUNDING PHARMACY INC. PRODUCTS LIABILITY LITIGATION. A copy of the Conditional Transfer Order is filed herewith as Exhibit A. A copy of the original Transfer Order dated February 12, 2013 is filed herewith as Exhibit B.

Dated: February 14, 2013            Respectfully Submitted,


/s/ Mark R. Dancer
Mark R. Dancer (P47614)
Heidi M. Hodek (P73966)
Dingeman, Dancer & Christopherson, P.C.
100 Park Street
Traverse City, Michigan 49684
Phone:        (231) 929-0500
Fax:          (231) 929-0504
Email: mdancer@ddc-law.com
        hhodek@ddc-law.com

Daniel O. Myers (P49250)
The Law Offices of Daniel O. Myers
Dingeman, Dancer & Christopherson, P.C. (of counsel)
100 Park Street
Traverse City, MI 49684
Phone:        (231) 929-0500 ext. 122
Fax:          (231) 929-0504
Email: dmyers@domlawoffice.com

2

# EXHIBIT A

# UNITED STATES JUDICIAL PANEL
## on
## MULTIDISTRICT LITIGATION

**IN RE: NEW ENGLAND COMPOUNDING
PHARMACY, INC., PRODUCTS LIABILITY
LITIGATION**                                        MDL No. 2419

### (SEE ATTACHED SCHEDULE)

### CONDITIONAL TRANSFER ORDER (CTO −1)

On February 12, 2013, the Panel transferred 4 civil action(s) to the United States District Court for
the District of Massachusetts for coordinated or consolidated pretrial proceedings pursuant to 28
U.S.C. §1407. *See* __F.Supp.2d__ (J.P.M.L. 2013). Since that time, no additional action(s) have
been transferred to the District of Massachusetts. With the consent of that court, all such actions
have been assigned to the Honorable F. Dennis Saylor.

It appears that the action(s) on this conditional transfer order involve questions of fact that are
common to the actions previously transferred to the District of Massachusetts and assigned to Judge
Saylor.

Pursuant to Rule 7.1 of the Rules of Procedure of the United States Judicial Panel on Multidistrict
Litigation, the action(s) on the attached schedule are transferred under 28 U.S.C. §1407 to the
District of Massachusetts for the reasons stated in the order of February 12, 2013, and, with the
consent of that court, assigned to the Honorable F. Dennis Saylor.

This order does not become effective until it is filed in the Office of the Clerk of the United States
District Court for the District of Massachusetts. The transmittal of this order to said Clerk shall be
stayed 7 days from the entry thereof. If any party files a notice of opposition with the Clerk of the
Panel within this 7−day period, the stay will be continued until further order of the Panel.

FOR THE PANEL:

Jeffery N. Lüthi
Clerk of the Panel

IN RE: NEW ENGLAND COMPOUNDING
PHARMACY, INC., PRODUCTS LIABILITY
LITIGATION                                                    MDL No. 2419

## SCHEDULE CTO–1 – TAG–ALONG ACTIONS

| **DIST** | **DIV.** | **C.A.NO.** | **CASE CAPTION** |
|---|---|---|---|
| FLORIDA MIDDLE | | | |
| FLM | 5 | 12−00630 | York v. New England Compounding Pharmacy, Inc. |
| INDIANA NORTHERN | | | |
| INN | 3 | 12−00615 | Tolbert v. New England Compounding Pharmacy Inc |
| INN | 3 | 12−00683 | Landon et al v. New England Compounding Pharmacy Inc |
| INN | 3 | 12−00712 | Tacy v. New England Compounding Pharmacy Inc et al |
| INN | 3 | 12−00726 | Shrock et al v. New England Compounding Pharmacy Inc |
| INN | 3 | 12−00736 | Rethlake v. New England Compounding Pharmacy Inc |
| INN | 3 | 12−00737 | Schrock et al v. New England Compounding Pharmacy Inc et al |
| INN | 3 | 12−00738 | Copsey v. New England Compounding Pharmacy Inc et al |
| INN | 3 | 12−00739 | Klemm v. New England Compounding Pharmacy Inc et al |
| INN | 3 | 12−00740 | Wyres v. New England Compounding Pharmacy Inc et al |
| INN | 3 | 12−00741 | Tallman v. New England Compounding Pharmacy Inc et al |
| INN | 3 | 12−00749 | Rohrer et al v. New England Compounding Pharmacy Inc et al |
| INN | 3 | 12−00775 | Huff v. New England Compounding Pharmacy Inc |
| INN | 3 | 12−00819 | Pavlekovich et al v. New England Compounding Pharmacy Inc et al |
| INN | 3 | 12−00820 | Oblinger et al v. New England Compounding Pharmacy Inc et al |
| INN | 3 | 12−00821 | Lambert v. New England Compounding Pharmacy Inc et al |
| INN | 3 | 12−00822 | Ginther et al v. New England Compounding Pharmacy Inc et al |
| INN | 3 | 12−00823 | |

|     |   |          |                                                                        |
|-----|---|----------|------------------------------------------------------------------------|
|     |   |          | Geisler et al v. New England Compounding Pharmacy Inc et al            |
| INN | 3 | 12−00840 | Keller v. New England Compounding Pharmacy Inc et al                   |
| INN | 3 | 12−00841 | Rhodes v. New England Compounding Pharmacy Inc et al                   |
| INN | 3 | 12−00842 | Maloney v. New England Compounding Pharmacy Inc et al                  |
| INN | 3 | 12−00843 | Raeder v. New England Compounding Pharmacy Inc et al                   |
| INN | 3 | 12−00844 | Legg v. New England Compounding Pharmacy Inc et al                     |
| INN | 3 | 12−00845 | Islas v. New England Compounding Pharmacy Inc et al                    |
| INN | 3 | 13−00006 | Baer et al v. New England Compounding Pharmacy Inc et al               |
| INN | 3 | 13−00007 | Hartman et al v. New England Compounding Pharmacy Inc, etc, et al      |
| INN | 3 | 13−00022 | Ellison v. New England Compounding Pharmacy Inc et al                  |
| INN | 3 | 13−00023 | Kniffen v. New England Compounding Pharmacy Inc et al                  |
| INN | 3 | 13−00024 | Jewel v. New England Compounding Pharmacy Inc et al                    |
| INN | 3 | 13−00025 | Raiff v. New England Compounding Pharmacy Inc et al                    |

INDIANA SOUTHERN

|     |   |          |                                                        |
|-----|---|----------|--------------------------------------------------------|
| INS | 1 | 12−01638 | COPASS v. NEW ENGLAND COMPOUNDING PHARMACY INC. et al  |

MARYLAND

|    |   |          |                                                              |
|----|---|----------|--------------------------------------------------------------|
| MD | 1 | 13−00183 | Trope et al v. New England Compounding Pharmacy Inc. et al   |

MICHIGAN EASTERN

|     |   |          |                                                             |
|-----|---|----------|-------------------------------------------------------------|
| MIE | 2 | 12−14662 | Doyon et al v. New England Compounding Pharmacy, Inc.       |
| MIE | 2 | 12−14820 | Klaserner v. New England Compounding Pharmacy, Inc.         |
| MIE | 2 | 12−14822 | Otto v. New England Compounding Pharmacy, Inc.              |
| MIE | 2 | 12−14824 | Adkins et al v. New England Compounding Pharmacy, Inc.      |
| MIE | 2 | 12−14847 | Rye et al v. New England Compounding Pharmacy, Inc.         |
| MIE | 2 | 12−14848 | Alverado et al v. New England Compounding Pharmacy, Inc.    |
| MIE | 2 | 12−14849 | Nelson et al v. New England Compounding Pharmacy, Inc.      |
| MIE | 2 | 12−14855 |                                                             |

|      |   |          |                                                                      |
|------|---|----------|----------------------------------------------------------------------|
|      |   |          | Drew et al v. New England Compounding Pharmacy, Inc.                 |
| MIE  | 2 | 12–14856 | Raab et al v. New England Compounding Pharmacy, Inc.                 |
| MIE  | 2 | 12–14857 | Clark et al v. New England Compounding Pharmacy, Inc.                |
| MIE  | 2 | 12–15082 | Shoop et al v. New England Compounding Pharmacy, Inc.                |
| MIE  | 2 | 12–15083 | Mattila et al v. New England Compounding Pharmacy, Inc.              |
| MIE  | 2 | 12–15084 | Peters et al v. New England Compounding Pharmacy, Inc.               |
| MIE  | 2 | 12–15237 | Vargo et al v. New England Compounding Pharmacy, Inc.                |
| MIE  | 2 | 12–15238 | Krueger et al v. New England Compounding Pharmacy, Inc.              |
| MIE  | 2 | 12–15239 | Huggett v. New England Compounding Pharmacy, Inc.                    |
| MIE  | 2 | 12–15240 | Mazure et al v. New England Compounding Pharmacy, Inc.               |
| MIE  | 2 | 12–15241 | Carmichael et al v. New England Compounding Pharmacy, Inc.           |
| MIE  | 4 | 12–14818 | Hall et al v. New England Compounding Pharmacy, Inc.                 |
| MIE  | 4 | 12–15242 | Smith et al v. New England Compounding Pharmacy, Inc.                |
| MIE  | 5 | 12–15243 | Ruttman v. New England Compounding Pharmacy, Inc.                    |
| MIE  | 5 | 13–10027 | Greenlee et al v. New England Compounding Pharmacy, Inc. et al       |

MICHIGAN WESTERN

|      |   |          |                                                                      |
|------|---|----------|----------------------------------------------------------------------|
| MIW  | 1 | 12–01363 | Briggs v. New England Compounding Pharmacy, Inc. et al               |
| MIW  | 1 | 12–01367 | Smoot et al v. New England Compounding Pharmacy, Inc. et al          |

MINNESOTA

|      |   |          |                                                                      |
|------|---|----------|----------------------------------------------------------------------|
| MN   | 0 | 12–02707 | Ross v. New England Compounding Pharmacy, Inc.                       |
| MN   | 0 | 12–02841 | Peterson v. New England Compounding Pharmacy, Inc.                   |
| MN   | 0 | 12–02938 | Stanley v. New England Compounding Pharmacy, Inc.                    |

NEW JERSEY

|      |   |          |                                                                      |
|------|---|----------|----------------------------------------------------------------------|
| NJ   | 1 | 12–07176 | MARKO et al v. NEW ENGLAND COMPOUNDING PHARMACY, INC. et al          |
| NJ   | 1 | 12–07179 | PENNINGTON v. NEW ENGLAND COMPOUNDING PHARMACY, INC. et al           |
| NJ   | 1 | 12–07180 | HANNAH v. NEW ENGLAND COMPOUNDING PHARMACY, INC. et al               |

| | | | |
|---|---|---|---|
| NJ | 1 | 12–07711 | LEAVERTON, ET AL. v. NEW ENGLAND COMPOUNDING PHARMACY, INC. et al |
| NJ | 1 | 12–07712 | JONES v. NEW ENGLAND COMPOUNDING PHARMACY, INC. et al |
| NJ | 1 | 12–07713 | RAMOS v. NEW ENGLAND COMPOUNDING PHARMACY, INC. et al |
| NJ | 1 | 12–07714 | RIOS et al v. NEW ENGLAND COMPOUNDING PHARMACY, INC. et al |
| NJ | 1 | 12–07715 | RIVERA et al v. NEW ENGLAND COMPOUNDING PHARMACY, INC. et al |
| NJ | 1 | 12–07716 | TOLOTTI et al v. NEW ENGLAND COMPOUNDING PHARMACY, INC. et al |
| NJ | 1 | 12–07717 | TAYVINSKY et al v. NEW ENGLAND COMPOUNDING PHARMACY, INC. et al |
| NJ | 1 | 12–07718 | ZAVACKI v. NEW ENGLAND COMPOUNDING PHARMACY, INC. et al |
| NJ | 1 | 12–07724 | LETIZIA et al v. NEW ENGLAND COMPOUNDING PHARMACY, INC. et al |
| NJ | 1 | 12–07725 | GOULD et al v. NEW ENGLAND COMPOUNDING PHARMACY, INC. et al |
| NJ | 1 | 13–00274 | TISA et al v. NEW ENGLAND COMPOUNDING PHARMACY, INC. et al |
| NJ | 1 | 13–00291 | NORMAND et al v. NEW ENGLAND COMPOUNDING PHARMACY, INC. et al |

TENNESSEE MIDDLE

| | | | |
|---|---|---|---|
| TNM | 1 | 12–00177 | McElwee et al v. New England Compounding Pharmacy, Inc. |
| TNM | 2 | 12–00115 | Lewis et al v. New England Compounding Pharmacy, Inc. et al |
| TNM | 2 | 12–00117 | O'Brien et al v. New England Compounding Pharmacy, Inc. et al |
| TNM | 3 | 12–01223 | Higdon et al v. New England Compounding Pharmacy, Inc. |
| TNM | 3 | 12–01224 | Slatton et al v. New England Compounding Pharmacy, Inc. |
| TNM | 3 | 12–01233 | Rybinski v. New England Compounding Pharmacy, Inc. |
| TNM | 3 | 12–01234 | Bryant v. New England Compounding Pharmacy, Inc. |
| TNM | 3 | 12–01240 | Wray et al v. New England Compounding Pharmacy, Inc. |
| TNM | 3 | 12–01254 | Miller v. New England Compounding Pharmacy, Inc. |
| TNM | 3 | 12–01255 | Ragland v. New England Compounding Pharmacy, Inc. |
| TNM | 3 | 12–01257 | Sullivan et al v. New England Compounding Pharmacy, Inc. |
| TNM | 3 | 12–01258 | Chambers v. New England Compounding Pharmacy, Inc. |
| TNM | 3 | 12–01259 | Peay v. New England Compounding Pharmacy, Inc. |
| TNM | 3 | 12–01260 | Brinton v. New England Compounding Pharmacy, Inc. |
| TNM | 3 | 12–01275 | Russell et al v. New England Compounding Pharmacy, Inc. |

**TEXAS EASTERN**

| TXE | 4 | 12−00687 | Herson v. New England Compounding Pharmacy, Inc., et al |

**TEXAS NORTHERN**

| TXN | 3 | 12−04200 | Cavanaugh v. New England Compounding Pharmacy, Inc |

**VIRGINIA WESTERN**

| VAW | 7 | 12−00562 | Radford v. New England Compounding Pharmacy, Inc. et al |
| VAW | 7 | 12−00563 | Whittaker v. New England Compounding Pharmacy, Inc. et al |
| VAW | 7 | 12−00564 | Walker v. New England Compounding Pharmacy, Inc. et al |
| VAW | 7 | 12−00565 | Sherrill v. New England Compounding Pharmacy, Inc. et al |
| VAW | 7 | 12−00566 | Clark v. New England Compounding Pharmacy, Inc. et al |
| VAW | 7 | 12−00576 | Wingate v. New England Compounding Pharmacy, Inc. et al |
| VAW | 7 | 12−00584 | Brown v. New England Compounding Pharmacy, Inc. et al |
| VAW | 7 | 12−00585 | Linthicum v. New England Compounding Pharmacy, Inc. et al |
| VAW | 7 | 12−00586 | Taliaferro v. New England Compounding Pharmacy, Inc. et al |
| VAW | 7 | 12−00598 | Rhodes v. New England Compounding Pharmacy, Inc. |
| VAW | 7 | 12−00604 | Smith v. New England Compounding Pharmacy, Inc. et al |
| VAW | 7 | 12−00605 | McFarlane v. New England Compounding Pharmacy, Inc. et al |
| VAW | 7 | 12−00606 | Bradley v. New England Compounding Pharmacy, Inc. et al |
| VAW | 7 | 12−00608 | Kalinoski v. New England Compounding Pharmacy, Inc. et al |
| VAW | 7 | 12−00609 | Filson v. New England Compounding Pharmacy Inc. et al |
| VAW | 7 | 12−00614 | Powell v. New England Compounding Pharmacy, Inc. et al |

# EXHIBIT B

## UNITED STATES JUDICIAL PANEL
### on
## MULTIDISTRICT LITIGATION

**IN RE:  NEW ENGLAND COMPOUNDING PHARMACY, INC.,
PRODUCTS LIABILITY LITIGATION**                                    MDL No. 2419

### TRANSFER ORDER

**Before the Panel**: Pursuant to 28 U.S.C. § 1407, plaintiffs in an Eastern District of Michigan action move for centralization of this litigation in the District of Minnesota.  This litigation currently consists of four actions pending in two districts, as listed on Schedule A.  Since the filing of the motion, the parties have notified the Panel of over 120 related actions pending in various federal districts.[1]

All parties support centralization under Section 1407, but disagree on an appropriate choice for transferee district.  Plaintiffs in the four actions on the motion and over 30 potential tag-along actions support centralization in the District of Minnesota.  Defendant New England Compounding Pharmacy, the responding co-defendants in over 40 potential tag-along actions,[2] plaintiffs in five potential tag-along actions, and an interested party from the related bankruptcy case[3] request the District of Massachusetts.[4]

On the basis of the papers filed and the hearing session held, we find that these actions involve common questions of fact, and that centralization under Section 1407 in the District of Massachusetts will serve the convenience of the parties and witnesses and promote the just and efficient conduct of this litigation.  All actions share factual questions relating to injuries arising from the alleged contamination of the injectable steroid methyl-prednisolone acetate at the New England Compounding Pharmacy facility in Framingham, Massachusetts, which allegedly resulted in a multistate outbreak of hundreds of cases of fungal meningitis and other infections.  Centralization will

---

[1]  These and any other related actions are potential tag-along actions.  *See* Panel Rules 1.1(h), 7.1 and 7.2.  Some of the parties have presented arguments concerning the potential tag-along actions in the current briefing.  The parties, however, will have an opportunity to express their views on transfer of potential tag-along actions to MDL No. 2419, as provided for under Panel Rule 7.1.

[2]  The responding co-defendants are Ameridose LLC, Medical Sales Management, Inc., Barry Cadden, Gregory Conigliaro, Lisa Conigliaro Cadden, Douglas Conigliaro, Carla Conigliaro, and Glenn Chin.

[3]  The interested party is the Official Committee of Unsecured Creditors.

[4]  In the alternative, defendant proposes the Eastern District of Michigan.

-2-

eliminate duplicative discovery; prevent inconsistent pretrial rulings, especially with respect to class certification and discovery issues; and conserve the resources of the parties, their counsel and the judiciary.

We conclude that the District of Massachusetts is an appropriate transferee district. The principal events giving rise to the alleged claims occurred in Massachusetts, the facility at which the contamination allegedly occurred is located there, and the federal and state investigations into New England Compounding Pharmacy are focused there. Thus, the primary witnesses, physical evidence, and documentary evidence likely will be located in Massachusetts. Additionally, defendant is headquartered in Massachusetts, and defendant's bankruptcy case is pending in this district. The Honorable F. Dennis Saylor IV, to whom we assign this litigation, is an experienced transferee judge who is already familiar with the contours of, and has taken preliminary steps to organize, the litigation. We are confident he will steer this litigation on a prudent course.

IT IS THEREFORE ORDERED that pursuant to 28 U.S.C. § 1407, the actions listed on Schedule A and pending outside the District of Massachusetts are transferred to the District of Massachusetts and, with the consent of that court, assigned to the Honorable F. Dennis Saylor IV for coordinated or consolidated pretrial proceedings.

IT IS FURTHER ORDERED that defendant's request to modify the caption of MDL No. 2419 is denied.

PANEL ON MULTIDISTRICT LITIGATION

John G. Heyburn II
Chairman

| Kathryn H. Vratil | W. Royal Furgeson, Jr. |
| Paul J. Barbadoro | Marjorie O. Rendell |
| Charles R. Breyer | Lewis A. Kaplan |

**IN RE:  NEW ENGLAND COMPOUNDING PHARMACY, INC.,
PRODUCTS LIABILITY LITIGATION**                    MDL No. 2419

## SCHEDULE A

Eastern District of Michigan

Brenda Bansale, et al. v. New England Compounding Pharmacy, Inc., C.A. No. 2:12-14559
Lyn Laperriere, et al. v. New England Compounding Pharmacy, Inc., C.A. No. 2:12-14581

District of Minnesota

Barbe Puro v. New England Compounding Pharmacy, Inc., C.A. No. 0:12-02605
Rosalinda Edwards v. New England Compounding Pharmacy, Inc., C.A. No. 0:12-02625